David A. Berstein (SBN 204472)
Nicholas D. Myers (SBN 251809)
Michael J. Carey (SBN 249171)
MYERS BERSTEIN LLP
4 Executive Circle, Ste. 100
Irvine, California 92614
Telephone:  949.825.5590
Email: *david@mybelaw.com; nicholas@mybelaw.com; michael@mybelaw.com*

Attorneys for Plaintiff EAR CHARMS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

EAR CHARMS, INC., a California corporation,

       Plaintiff,

v.

BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM, a Delaware corporation; ELENA CASTANEDA, an individual; and DOES 1 to 10, inclusive,

       Defendants.

Case No.

**COMPLAINT FOR DAMAGES**

1. **Federal Copyright Infringement under 17 U.S.C. §§ 101, *et seq*.**

2. **Federal Trade Dress Infringement under 15 U.S.C. § 1125(a)**

3. **Palming Off**

4. **Conversion**

5. **False Advertising in Violation of California Business & Professions Code § 17500, *et seq*.**

6. **Unfair Competition in Violation of California Business & Professions Code §§ 17200, *et seq*.**

7. **Unjust Enrichment**

8. **Demand for Accounting**

     **-JURY TRIAL DEMANDED-**

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

Plaintiff EAR CHARMS, INC., ("EAR CHARMS"), for its Complaint against BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM, a Delaware corporation, ELENA CASTANEDA, and DOE defendants (collectively "Defendants"), hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.* (the 'Copyright Act"). This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and (b), and under 28 U.S.C. § 1367 for Plaintiff's state law claim for conversion, false advertising in violation of California Business and Professions Code § 17500, *et seq.*, unfair competition in violation of California Business and Professions Code § 17200, *et seq.*, unjust enrichment, and accounting.

2.     This Court has personal jurisdiction over Defendants because they have transacted business in this District. Further, on information and belief, Defendants systematically and continuously direct business activities toward and into this District through sales, marketing, and advertising on their publicly-accessible, interactive internet websites located at *www.blingjewelery.com* and/or *www.overstockjewelry.com* (collectively referred to as "BLING JEWELRY SITES"). Moreover, Defendants also systematically and continuously direct business activities toward and into this District through sales, marketing, and advertising through online stores, including:

- *www.shop.com*;
- *www.amazon.com* (USA);
- *www.amazon.co.uk/gp/node/index.html?ie=UTF8&merchant=&node=2445166 031* (United Kingdom).

/ / /
/ / /
/ / /
/ / /

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

3.     Further, Defendants' infringement of Plaintiff EAR CHARMS' copyrights, trade dress, and other tortious activities occurred in this District.   Thus, Plaintiff EAR CHARMS' claims arise from Defendants' direct contact with this District.

4.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(a) as Defendants, and each of them, conduct business in this district.

## PARTIES

5.     Plaintiff EAR CHARMS is, and, at all times mentioned herein was, a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business located at 361 Cypress Drive, Unit 1, Laguna Beach, California 92651.

6.     Upon information and belief, Defendant BLING JEWELRY, INC., is, and at all times mention herein was, a corporation registered in the State of Delaware and doing business as BLINGJEWELRY.COM ("BLING").   Upon information and belief, Defendant BLING conducts business from 1261 Broadway Suite 1002, New York, New York 10001.

7.     Upon information and belief, Defendant ELENA CASTANEDA ("CASTANEDA") is, and at all times mentioned herein was, an individual residing at 1261 Broadway Suite. 1002, New York, New York 10001.

8.     Plaintiff EAR CHARMS is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive.   Therefore, Plaintiff EAR CHARMS sues said DOES, and each of them, by such fictitious names.   Plaintiff EAR CHARMS is informed and believes, and thereon alleges, that DOES 1 through 10, and each of them, are in some way associated with co-Defendants, and Plaintiff EAR CHARMS prays that their true names and capacities, when ascertained, may be incorporated by appropriate amendment.

/ / /

/ / /

/ / /

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

3

**COMPLAINT FOR DAMAGES**

9.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, were the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of this agency or employment.

## BACKGROUND FACTUAL ALLEGATIONS

10.    Sandra Callisto ("Ms. Callisto") is a jewelry designer by trade.  Ms. Callisto is the Principal and owner of Plaintiff EAR CHARMS.

11.    Since 1982, Ms. Callisto dedicated her work to designing and creating unique jewelry designs within a niche market – namely earrings. EAR CHARMS' earring designs are high quality and wholly-original designs. EAR CHARMS provides stylish alternatives to pierced earrings. Ms. Callisto began making non-pierced earrings that naturally wrap and slide around a consumer's ear and branded her designs as EAR CHARMS. Each of EAR CHARMS' designs are unique from the next along with any other product in the non-pierced earring market. EAR CHARMS offers its styles in solid 14K yellow and white gold, gold vermeil, and sterling silver which provides consumers with a higher end alternative to pierced styles.

12.    As a result of significant effort in honing these original designs over the course of several decades, EAR CHARMS has garnered much success and recognition for its unique designs. EAR CHARMS earrings are renowned for their ergonomic designs which provide the consumer with comfort and a secure fitting.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

4

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

13. In particular, EAR CHARMS' originally designed "Wave" earrings ("WAVE EARRINGS") bear a unique and distinctive trade dress in the overall design of the product ("PRODUCT TRADE DRESS"). The PRODUCT TRADE DRESS as a whole does not affect the cost or quality of the WAVE EARRINGS or serve any functional purpose, and it is not the only option for the design of WAVE EARRINGS. An example of the PRODUCT TRADE DRESS is:

 

14. As a result of EAR CHARMS' widespread use and display of the PRODUCT TRADE DRESS in association with its WAVE EARRINGS, (a) the public has come to recognize and identify products bearing the PRODUCT TRADE DRESS as emanating from EAR CHARMS, (b) the public recognizes that products bearing the PRODUCT TRADE DRESS constitute high quality products that conform to the specifications created by EAR CHARMS, and that (c) THE PRODUCT TRADE DRESS has established strong secondary meaning and extensive goodwill.

15. Plaintiff EAR CHARMS is the owner of all copyrights to Plaintiff's EAR CHARMS™ products, including but not limited to those products itemized in column four (4) of **Appendix "A"** attached hereto. These copyrights include, but are not limited to the designs, images, and other original content pertaining to Plaintiff's EAR CHARMS™ products (hereinafter "EAR CHARMS WORKS").

16. The first column of **Appendix "A"** identifies the first date of publication for each of the EAR CHARMS WORKS.

17. The second column of **Appendix "A"** identifies the filing dates for each of the EAR CHARMS WORKS' applications with the United States Copyright Office to obtain a Certificate of Registration.

18. Column three (3) of **Appendix "A"** identifies the title of each application for the EAR CHARMS WORKS.

19. Plaintiff EAR CHARMS has complied in all respects with the Copyright Act of 1976, 17 U.S.C. §101 *et. seq.* and all other laws governing copyright. In particular, Plaintiff EARCHARMS has obtained a Certificate of Registration for "Ear Charms 1-SS" (registration number VA0000647147, registration date December 3, 1993), and "Ear Charms 92-SS" (registration number VA0000711343, registration date March 13, 1995).

20. EAR CHARMS designs, images, and other original content were first fixed into tangible expression as early as 1982. Since that time, EAR CHARMS remains the sole author and exclusive holder of all rights, title, and interest in and to the copyrights to EAR CHARMS' originally designed earrings. EAR CHARMS has not granted licenses or any right to any person or entity, including Defendants, to reproduce and/or make derivative works of any product it holds copyrights in.

21. All the EAR CHARMS' copyrights play a vital role in EAR CHARMS' ongoing business concerns. Most importantly, they are integral to any efforts to secure new sales and expand the brand and market for its designs.

22. The "EAR CHARMS WORKS," may be identified in the alternative as the "EAR CHARMS COPYRIGHTS".

## **Defendants' Unlawful Conduct**

23. In or about the latter part of December 2015, EAR CHARMS learned that Defendants, through their websites at *www.blingjewelry.com* and *www.overstockjewelry.com*, were selling various earrings infringing upon EAR CHARMS' copyrights. Plaintiff EAR CHARMS also learned that Defendants continue the unauthorized manufacture, distribution, and sale of counterfeit products of EAR CHARMS' original designed earrings (including the WAVE EARRINGS), which

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

directly infringe upon EAR CHARMS' copyrighted designs.  Exemplar images of Defendants' infringing jewelry items are identified in column five (5) of **Appendix "A"**.

24.     Further, Defendants' infringing products are smaller in size, scale, and weight then EAR CHARMS' earrings, despite looking substantially similar. This evidences that Defendants created molds and stamping dies from EAR CHARMS copyrighted products. This itself represents a further infringement by Defendants.

25.     Since learning of Defendants' infringing activities, EAR CHARMS has been diligent in enforcing its copyright. On May 25, 2016, EAR CHARMS sent a cease and desist letter outlining its intellectual property rights. Plaintiff's cease and desist letter unambiguously demanded Defendants cease all infringing activity.  This letter informed Defendants that their conduct represented a continuing infringement and that all necessary steps would be taken to protect EAR CHARMS' rights by seeking all remedies available, including: (1) injunction, (2) monetary damages along with attorney's fees and cost, and (3) all other relief both legal and equitable as a court may allow. In response to this cease and desist letter, on June 6, 2016, Defendants placed a large order with EAR CHARMS to purchase more items Defendants were infringing upon.

26.     On June 17, 2016, EAR CHARMS, once again sent a correspondence demanding Defendants cease all infringing activity. Plaintiff EAR CHARMS made it plain that Defendants' response to the May 25, 2016 letter would not be tolerated. Plaintiff EAR CHARMS specifically detailed all sections of the Copyright Act as well as the California Business and Professions Code of which Defendants conduct violates. EAR CHARMS underscored that this demand represented a final demand and that no further notice would be provided should Defendants again refuse to acknowledge EAR CHARMS' rights by accounting for and ceasing their behavior.  To date, Defendants have failed to provide any response and have failed to cease any and all infringing activities.

27.     In furtherance of protecting its intellectual property rights, Plaintiff EAR CHARMS submitted the following Digital Millennium Copyright Act ("DMCA") notices and correspondence:

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

- June 13, 2016 – Submittal of DMCA Notice through Amazon.com and submittal of DMCA notice via email to Amazon.com;

- June 14, 2016 – Submittal of DMCA Notice to GoDaddy.com concerning blingjewelry.com (GoDaddy.com turned out not be the hosting provider for Defendants' website);

- June 16, 2016 – Submittal of DMCA Notice to Amazon.com.uk;

- June 17, 2016 – Counsel for Plaintiff EAR CHARMS sent a letter to Amazon.com.uk concerning the claims set forth in the DMCA Notice;

- June 20, 2016 – Counsel for Plaintiff EAR CHARMS sent a letter to Amazon.com concerning the claims set forth in the DMCA Notice;

- June 22, 2016 – Submittal of DMCA Notice to Nexcess LLC (web hosting provider for blingjewelry.com);

- June 22, 2016 – Submittal of DMCA Notice to Amazon Web Services (web hosting provider for Defendants).

- June 22, 2016 – Amazon.com removes links to Defendants' infringing products (Thereafter, despite being placed on notice of Defendants' infringement, Amazon.com improperly reinstates Defendants' links which leads to Defendants' resumption of advertising, promotion, offering for sale, and sale of the infringing products);

- June 23, 2016 – Submittal of DMCA Notice to Shop.com;

- June 27, 2016 – Counsel for Plaintiff EAR CHARMS sent a letter to Shop.com regarding DMCA notice (Shop.com removes links to Defendants' infringing products);

- June 28, 2016 – Review of appeal submitted by Defendants regarding Amazon Web Services DMCA Notice;

- June 29, 2016 – Counsel for Plaintiff EAR CHARMS exchanged email correspondence with Amazon.com, Nexcess LLC, Shop.com, and Amazon.com.uk regarding EAR CHARMS' DMCA Notices.

8

- June 30, 2016 – Counsel for EAR CHARMS sent follow-up correspondence with Amazon concerning Defendants' infringing conduct;
- July 1, 2016 – Counsel for EAR CHARMS sent follow-up correspondence with Amazon.com.uk concerning Plaintiff's DMCA Notice;
- July 19, 2016 – Second DMCA Notice sent to Amazon.com;
- July 21, 2016 – Second submission of DMCA Notice to Amazon Web Services.

28.   Despite EAR CHARMS best efforts to lawfully enforce its copyrights and trade dress rights, Defendants continue to willfully ignore said rights and continue to sell various counterfeits of EAR CHARMS' designs and products through different avenues of commerce.

29.   Plaintiff EAR CHARMS is informed and believes and thereon alleges that Defendants knowingly and without authorization, are infringing the EAR CHARMS COPYRIGHTS in conjunction with their unlawful manufacture, distribution, and/or sale of counterfeit products of Plaintiff EAR CHARMS' original designed earrings.  Such conduct directly infringes upon Plaintiff EAR CHARMS' copyright in the design, images, and other content including, but not limited to, those products listed in column four (4) of **Appendix "A"**.

30.   Defendants' unauthorized use of the EAR CHARMS COPYRIGHTS violates Plaintiff EAR CHARMS' exclusive rights under Section 106 of the Copyright Act to reproduce, distribute, and prepare derivatives based on these materials.

31.   Defendants' unauthorized infringement was, and continues to be, willful, oppressive, malicious, and with wrongful intent.

32.   Plaintiff EAR CHARMS is informed and believes and thereon alleges that Defendants willful infringement of Plaintiff's EAR CHARMS COPYRIGHTS is for Defendants' own financial benefit and the financial detriment of Plaintiff EAR CHARMS.

33.   Plaintiff EAR CHARMS is informed and believes and thereon alleges that as a direct and legal result of Defendants' acts of infringement, Defendants have obtained

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

9

direct and indirect profits that Defendants would not have realized but for the infringement of the EAR CHARMS COPYRIGHTS and the exercise of dominion over Plaintiff EAR CHARMS' property. Moreover, as a direct and legal result of Defendants' infringement, Plaintiff EAR CHARMS suffered a direct and sustained loss in ascertainable clientele and sales as well as the diminished value of Plaintiff EAR CHARMS' property.

34.     The natural, probable, and foreseeable result of the aforesaid conduct of Defendants, and each of them, has been to deprive Plaintiff EAR CHARMS of clientele, and revenue, to damage Plaintiff EAR CHARMS' goodwill, and to impose substantial expenses on Plaintiff EAR CHARMS to counteract the aforesaid infringing and unlawful conduct.

35.     Defendants, and each of them, have been unjustly enriched by their unauthorized use of the EAR CHARMS COPYRIGHTS by exploiting such property rights in connection with the manufacture, distribution, and/or sale of counterfeit earrings products.

36.     Plaintiff EAR CHARMS is informed and believes and based thereon alleges that unless enjoined by this Court, Defendants will continue their course of conduct, and wrongfully use, infringe upon, and otherwise profit from the exploitation of the EAR CHARMS COPYRIGHTS.

37.     Pursuant to 17 U.S.C. §§ 502, 503, 504, and 505, Plaintiff EAR CHARMS is entitled to an award of actual or statutory damages, injunctive relief, the impoundment and destruction of the infringing products, and its attorneys' fees and costs.

38.     Plaintiff EAR CHARMS is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq*., for Defendants' willful and continued infringement of Plaintiff EAR CHARMS' copyright in "Ear Charms 1-SS" (registration number VA0000647147, registration date December 3, 1993), and "Ear Charms 92-SS" (registration number VA0000711343, registration date March 13, 1995).

**COMPLAINT FOR DAMAGES**

39.    Plaintiff EAR CHARMS is further entitled to recover from Defendants, and each of them, the damages Plaintiff has sustained, and will sustain, as a result of Defendants' wrongful acts as hereinabove alleged.   The amount of such damages cannot be determined at this time. Plaintiff EAR CHARMS is further entitled to recover from Defendants, and each of them, the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts as hereinabove alleged.   Plaintiff EAR CHARMS is at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants, and each of them, have obtained by reason of their aforesaid acts of copyright infringement.

## FIRST CLAIM FOR RELIEF

### FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*)

### AGAINST ALL DEFENDANTS

40.    Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 39 as though fully set forth herein.

41.    At all times relevant hereto, Plaintiff EAR CHARMS has been the owner of all copyright rights or rights to assert copyright claims for the EAR CHARMS COPYRIGHTS and all derivative works. Plaintiff EAR CHARMS has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and all other laws governing copyright.

42.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that Defendants without authorization, have infringed and will continue to infringe Plaintiff EAR CHARMS' COPYRIGHTS by copying, counterfeiting, distributing, selling and/or offering for the sale infringing low quality reproductions of the EAR CHARMS™ WORKS.

43.    Defendants either completely or substantially used the EAR CHARMS COPYRIGHTS.  Because the copying was for the purpose of competing with Plaintiff EAR CHARMS it did not constitute fair use under any doctrine of copyright law.

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

44.     By means of the actions complained of herein, Defendants, and each of them, have infringed, and will continue to infringe, Plaintiff EAR CHARMS' copyrights in and relating to the EAR CHARMS COPYRIGHTS.

45.     Plaintiff EAR CHARMS is entitled to an injunction restraining Defendants, and each of them, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

46.     As a direct result of Defendants' infringement, Plaintiff EAR CHARMS has sustained damages in an amount to be determined at trial.

47.     Pursuant to 17 U.S.C. §§ 502, 503, 504, and 505, Plaintiff EAR CHARMS is entitled to an award of actual or statutory damages, injunctive relief, the impoundment and destruction of the infringing products, and its attorneys' fees and costs.

48.     Plaintiff EAR CHARMS is also entitled to damages, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*, for Defendants' willful and continued infringement of Plaintiff EAR CHARMS' copyright in "Ear Charms 1-SS" (registration number VA0000647147, registration date December 3, 1993), and "Ear Charms 92-SS" (registration number VA0000711343, registration date March 13, 1995).

49.     Plaintiff EAR CHARMS is further entitled to recover from Defendants, and each of them, the damages Plaintiff has sustained, and will sustain, as a result of Defendants' wrongful acts as hereinabove alleged.   The amount of such damages cannot be determined at this time. Plaintiff EAR CHARMS is further entitled to recover from Defendants, and each of them, the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts as hereinabove alleged.   Plaintiff EAR CHARMS is at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants, and each of them, have obtained by reason of their aforesaid acts of copyright infringement.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

## SECOND CLAIM FOR RELIEF

## FOR TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

## AGAINST ALL DEFENDANTS

50.    Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 49 as though fully set forth herein.

51.    This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

52.    As a result of the widespread use and display of the PRODUCT TRADE DRESS, the trade dress has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate the PRODUCT TRADE DRESS with Plaintiff EAR CHARMS.

53.    As a result of the widespread use and display of the PRODUCT TRADE DRESS, the trade dress has acquired secondary meaning to potential purchasers, in that potential purchasers have come to associate WAVE EARRINGS bearing the overall design of the PRODUCT TRADE DRESS with Plaintiff EAR CHARMS.

54.    Subsequent to EAR CHARMS' use and adoption of the PRODUCT TRADE DRESS, Defendants have developed, advertised, and sold earrings that use trade dress that is confusingly similar to the PRODUCT TRADE DRESS. For example, Defendants' "Swirl" product has the overall design of the PRODUCT TRADE DRESS.  An example of Defendants' "Swirl" product is:



55.     Defendants' use of these features in connection with its "Swirl" products are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with EAR CHARMS.

56.    Upon information and belief, Defendants' acts of trade dress infringement were

undertaken willfully with full knowledge of the falsity of such designation of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

57.     EAR CHARMS is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' trade dress infringement in an amount that is not presently known to EAR CHARMS. By reason of Defendants' actions, constituting trade dress infringement, EAR CHARMS has been damaged and is entitled to monetary relief in an amount to be determined at trial.

58.     Due to Defendants' trade dress infringement, EAR CHARMS has suffered and continues to suffer great and irreparable injury for which EAR CHARMS has no adequate remedy at law.

### THIRD CAUSE OF ACTION
### PALMING OFF
### AGAINST ALL DEFENDANTS

59.     Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation set forth in Paragraphs 1 through 58, inclusive, and incorporates them by reference herein.

60.     Plaintiff EAR CHARMS is informed, believes, and on that basis alleges, Defendants have developed, advertised, and sold earrings that use trade dress that is exact and/or substantially similar to the PRODUCT TRADE DRESS. For example, Defendants' "Swirl" product line has the overall design of the PRODUCT TRADE DRESS.

61.     Plaintiff EAR CHARMS is informed, believes, and on that basis alleges, that Defendants intentionally and deceptively use trade dress that is exact and/or substantially similar to the PRODUCT TRADE DRESS to mislead consumers into believing that Defendants' products are related to, or authorized by, EAR CHARMS.

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

62.    Plaintiff EAR CHARMS is informed, believes, and on that basis alleges, that Defendants and EAR CHARMS sell similar and, in some instances, identical jewelry products, in similar and, in some instances, the same channels of trade, and, thus, Defendants and Plaintiff EAR CHARMS are direct competitors.

63.    As a legal result of Defendants' unlawful conduct, Plaintiff EAR CHARMS has suffered substantial economic damage in an amount subject to proof at Trial.

64.    The unlawful conduct demonstrates that Defendants acted in conscious disregard of Plaintiff EAR CHARMS' rights, entitling Plaintiff to punitive damages in an amount sufficient to punish Defendants and to make an example of each to the community such that they will not engage in such conduct in the future.

## FOURTH CLAIM FOR RELIEF

### CONVERSION

### AGAINST ALL DEFENDANTS

65.    Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 64 as though fully set forth herein.

66.    At all times herein mentioned, Plaintiff was, and still is, the owner of the EAR CHARMS WORKS.

67.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that Defendants took, without authorization, the EAR CHARMS WORKS owned by Plaintiff EAR CHARMS and converted those materials for Defendants' own use and commercial gain.

68.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that Defendants knowingly and without authorization, converted the EAR CHARMS WORKS for their own use, by exercising dominion over the converted property by using the converted property to manufacture, distribute, offer for sale, and/or sell Defendants' counterfeit products.

69.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that as a direct result of Defendants' conversion of the above-mentioned property for their own

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

use and monetary gain, Plaintiff EAR CHARMS has sustained damages in an amount to be determined at trial as a direct result of Defendants' conversion of Plaintiff EAR CHARMS' property.

70.    Plaintiff EAR CHARMS is informed and believes and thereon alleges that as a direct result of Defendants' conversion of the above-mentioned property for their own use and monetary gain, Plaintiff EAR CHARMS has been left with no alternative but to expend the monies necessary to put Plaintiff in the same position it was in prior to Defendants' conversion

71.    Defendants are not entitled to retain any interest in property belonging to Plaintiff EAR CHARMS, including the EAR CHARMS WORKS.

72.    At the time Defendants converted the property belonging to Plaintiff EAR CHARMS, including the EAR CHARMS WORKS, Defendants were, and continue to be, guilty of malice, oppression, and a willful and conscious disregard for the rights of Plaintiff EAR CHARMS entitling Plaintiff to an award of punitive/exemplary damages against Defendants.

## FIFTH CLAIM FOR RELIEF

### FALSE ADVERTISING IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, e*t seq.*

### AGAINST ALL DEFENDANTS

73.    Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 72 as though fully set forth herein.

74.    The actions of Defendants herein alleged are unfair and unlawful, and also violate California statutory law, including without limitation, California Business and Professions Code §§ 17500, *et seq*.

75.    Defendants' unauthorized infringement, exploitation, and conversion of the EAR CHARMS WORKS constitutes false and misleading advertising where potential and actual consumers have been, and will continue to be, misled about the source and legitimacy of Defendants' goods, services, or the combination of both being wrongfully

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

16

marketed, advertised, and sold. Defendants knew or should have known that the advertising was untrue and misleading.

76. As a result of the above-described conduct, Defendants have been, and will continue to be, unjustly enriched in profits, income, and ill-gotten gains at the expense of Plaintiff EAR CHARMS and consumers in California. The above described acts of false advertising pursued by Defendants presents a threat to both Plaintiff EAR CHARMS and members of the consuming public in that Defendants continue to possess the infringing and/or wrongfully converted property and, therefore, could resume the false advertising.

77. As a further result of the above-described conduct, Plaintiff EAR CHARMS has been, and will continue to be, unjustly deprived of the full value of the good will and public image associated with the EAR CHARMS WORKS.

78. The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff, its business, reputation, and goodwill. Plaintiff EAR CHARMS has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## SIXTH CLAIM FOR RELIEF

### FOR UNFAIR COMPETITION IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*

### AGAINST ALL DEFENDANTS

79. Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 78 as though fully set forth herein.

80. The conduct of Defendants as alleged herein, including but not limited to those acts constituting infringement and conversion, has the capacity to deceive the public and constitutes unfair methods of competition. Furthermore, this conduct constitutes an unlawful, unfair or fraudulent act or practice in the conduct or furnishing of a business, trade or service in California pursuant to California's Unfair Competition Law, Calif. Business and Professions Code § 17200 ("UCL"), as well as the common law of the State of California.

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

17

81.     Plaintiff EAR CHARMS is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law, and reasonable attorneys' fees under California Code of Civil Procedure § 1021.5.

82.     The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff, its business, reputation, and goodwill.  Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## SEVENTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

### AGAINST ALL DEFENDANTS

83.     Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 82 as though fully set forth herein.

84.     The conduct of Defendants, and each of them, including infringing and converting the EAR CHARMS WORKS in the unauthorized manufacture, distribution, offering for sale, and/or sale of infringing, counterfeit products of Plaintiff EAR CHARMS' originally designed earrings has secured, and will secure, value to Defendants which unjustly enriches Defendants to the detriment of Plaintiff EAR CHARMS.  By its Complaint, Plaintiff EAR CHARMS requests the disgorgement of all value unjustly earned or retained by Defendants.

85.     As a legal result of its conduct in the unauthorized conversion and exploitation of the EAR CHARMS WORKS in connection with the solicitation and sale of infringing works, Defendants have been unjustly enriched and, at the same time, are causing a loss of revenue to Plaintiff EAR CHARMS' to its detriment.

86.     Plaintiff EAR CHARMS is entitled to recover from Defendants, and each of them, their unjust enrichment including gains, profits and advantages they have obtained as a result of its wrongful acts as hereinabove alleged.  Plaintiff EAR CHARMS at present is unable to ascertain the full extent of Defendants' unjust enrichment including gains, profits, and advantages obtained by reason of the aforesaid wrongful conduct.

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

18

**COMPLAINT FOR DAMAGES**

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

# EIGHTH CLAIM FOR RELIEF

## DEMAND FOR ACCOUNTING

## AGAINST ALL DEFENDANTS

87.  Plaintiff EAR CHARMS alleges and reincorporates by reference each and every allegation contained in paragraphs 1 through 86 as though fully set forth herein.

88.  As alleged hereinabove, Plaintiff EAR CHARMS has an interest in all monies generated from the unauthorized infringement, exploitation, and conversion of the EAR CHARMS WORKS.

89.  Plaintiff EAR CHARMS is informed and believes that Defendants, and each of them, have generated an undetermined, yet substantial amount of money, due to their unlawful commercial exploitation of the EAR CHARMS WORKS.

90.  The amount of money due from Defendants is unknown to Plaintiff EAR CHARMS and cannot be ascertained without an accounting of all of Defendants' financial records related to the sales generated through their infringing and unlawful activities.

91.  As a result of Defendants' actions, Plaintiff EAR CHARMS has been damaged in an amount to be proven after an accounting has been conducted.  Accordingly, Plaintiff EAR CHARMS hereby requests that the Court order an accounting of all of Defendants' financial records related to the infringing activities in order to determine the sums rightfully due to Plaintiff EAR CHARMS.  Furthermore, Plaintiff EAR CHARMS demands that those sums be paid to Plaintiff EAR CHARMS accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff EAR CHARMS requests judgment against Defendants, and each of them, for the following:

## **FIRST CLAIM FOR RELIEF**

1.     That Defendants each be held to have infringed Plaintiff's EAR CHARMS COPYRIGHTS.

2.     That Defendants, and each of them and their respective agents and servants, be enjoined during the pendency of this action, and permanently, from infringing, or contributing to the infringement of, the EAR CHARMS COPYRIGHTS in any manner, and from copying, selling, marketing, distributing, displaying or otherwise exploiting infringing copies or reproductions of Plaintiff EAR CHARMS' original designed earrings known as EAR CHARMS, and that Defendants be required to deliver up to Plaintiff all copies and other materials used in the making of infringing copies or reproductions.

3.     That Defendants, and each of them, be required to pay Plaintiff EAR CHARMS such damages as Plaintiff EAR CHARMS has sustained in consequence of Defendants' infringements of the EAR CHARMS COPYRIGHTS, including but not limited to the injury to the value of Plaintiff EAR CHARMS' property, and all other damages sustained by Plaintiff EAR CHARMS, and to account for and pay to Plaintiff EAR CHARMS all gains, direct and indirect profits and advantages derived by Defendants by reason of their infringements, or, at Plaintiff EAR CHARMS' election, statutory in lieu statutory damages of at least $150,000.00, or such greater amount as may be permitted by law, against each Defendant that is individually liable, and against each group of Defendants jointly and severally liable, for the infringement of the EAR CHARMS COPYRIGHTS.

4.     That Defendants each be enjoined to deliver upon oath, to be impounded during the pendency of this action, and for destruction pursuant to judgment herein, all originals, copies, facsimiles, reproductions or duplicates of any work shown by the

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

evidence to infringe Plaintiff EAR CHARMS' copyrights in the EAR CHARMS COPYRIGHTS.

5.      That Defendants each be required to file with the Court and to serve on Plaintiff EAR CHARMS, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants each complied with the Court's order.

6.      That judgment be entered for Plaintiff EAR CHARMS and against Defendants, for damages based upon Defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq.*

7.      That Defendants each be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

8.      That all gains, profits, and advantages derived by Defendants of their acts of infringement and other violations of law be deemed to be in constructive trust for the benefit of Plaintiff.

9.      That Plaintiff EAR CHARMS be awarded prejudgment interest at the legal rate on the value of the infringed property pursuant to California Civil Code § 3336.

10.     That Plaintiff EAR CHARMS be awarded damages for the time and money properly expended in pursuit of the infringed property in an amount to be determined by proof at trial.

11.     That Plaintiff EAR CHARMS be awarded exemplary/punitive damages for any post-copyright registration infringement committed by Defendants.

12.     That Plaintiff EAR CHARMS be awarded treble damages for any post-copyright registration infringement committed by Defendants.

13.     That Plaintiff EAR CHARMS be awarded attorneys' fees and costs of suit proportionate to any post-copyright registration infringement committed by Defendants.

14.     Such other and further relief at law or in equity, to which the Court deems just and proper.

/ / /

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

21

**COMPLAINT FOR DAMAGES**

## ON THE SECOND CLAIM FOR RELIEF

15.     That it be found that Plaintiff is entitled to recover damages from Defendants, and each of them, for their acts of federal trade dress infringement and that these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and that Plaintiff be awarded its reasonable attorneys' fees;

16.     An Order that Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be enjoined and restrained from infringing EAR CHARMS' trade dress as complained of in this Complaint;

17.     That Defendants, and each of them, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

a.      using EAR CHARMS' PRODUCT TRADE DRESS or any other trade dress that is confusingly similar to the PRODUCT TRADE DRESS on or in connection with any goods including, but not limited to, jewelry products;

b.      falsely designated the origin of Defendants' goods;

c.      unfairly competing with EAR CHARMS in any manner whatsoever;

d.      causing the likelihood of confusion or injuries to EAR CHARMS' business reputation; and

e.      manufacturing, using, displaying, distributing, or selling any goods that infringe EAR CHARMS' trade dress.

18.     That Defendants be required to account to EAR CHARMS for any and all profits derived by their acts of trade dress infringement complained of in this Complaint;

19.     That Plaintiff EAR CHARMS be awarded exemplary/punitive damages;

20.     That EAR CHARMS recover the costs of this civil action, including reasonable attorneys' fees;

21.     An award of pre-judgement and post-judgment interests of this action against Defendants;

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

22.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE THIRD CAUSE OF ACTION

23.    For an order enjoining Defendants from engaging in acts which constitute palming off;

24.    For an award of compensatory damages according to proof at the time of Trial, and that Plaintiff further recover punitive damages under California law because Defendants' acts have been willful, fraudulent, oppressive, and/or malicious; and

25.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FOURTH CLAIM FOR RELIEF

26.    That Plaintiff EAR CHARMS be awarded general, special and consequential damages according to proof at the time of trial;

27.    That Plaintiff EAR CHARMS be awarded exemplary/punitive damages;

28.    That Plaintiff EAR CHARMS be awarded costs of suit incurred herein;

29.    That Plaintiff EAR CHARMS be awarded restitution;

30.    A preliminary and permanent injunction against Defendants, and each of them;

31.    Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE FIFTH, SIXTH, AND SEVENTH CLAIMS FOR RELIEF

32.    That Plaintiff EAR CHARMS be awarded general, special and consequential damages according to proof at the time of trial;

33.    That Plaintiff EAR CHARMS be awarded exemplary/punitive damages;

34.    That Plaintiff EAR CHARMS be awarded costs of suit incurred herein;

35.    That Plaintiff EAR CHARMS be awarded restitution;

36.    That Plaintiff EAR CHARMS be awarded attorneys' fees;

37.    A preliminary and permanent injunction against Defendants, and each of

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**COMPLAINT FOR DAMAGES**

them;

38.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## ON THE EIGHTH CLAIM FOR RELIEF

39.     That the Court order an independent accountant to conduct an accounting of all of Defendants' financial records relating to the infringing activities in order to determine the sums of money owed to Plaintiff EAR CHARMS;

40.     Upon a determination of sums due to Plaintiff EAR CHARMS, demand is made that those sums be paid to Plaintiff;

41.     Interest at the maximum legal rate from the date said sums were due; and

42.     Such other and further relief at law or in equity, to which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff EAR CHARMS hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 21, 2016                MYERS BERSTEIN LLP


David A. Berstein
Michael J. Carey
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**