David A. Berstein (State Bar No. 204472)
Nicholas D. Myers (State Bar No. 251809)
MYERS BERSTEIN LLP
4 Executive Circle, Suite 100
Irvine, California 92614
T:  949.825.5590
Email: *david@mybelaw.com, nicholas@mybelaw.com*

Attorneys for Plaintiff Ear Charms, Inc.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| EAR CHARMS, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>BLING JEWELRY, INC. dba BLINGJEWELRY.COM, a Delaware corporation; ELENA CASTANEDA, an individual; and DOES 1 through 10,<br><br>    DEFENDANTS. | Case No. 8:16-cv-02091-CJC-JCG<br><br>Assigned to: Judge Cormac J. Carney Courtroom 9B<br><br>**DECLARATION OF KARIN C. KHAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>(Served concurrently on Defendants with Summons and Complaint)<br><br>Complaint filed: November 21, 2016<br><br>**Hearing**<br>Date:        March 6, 2017<br>Time:        1:30 p.m.<br>Location:    Courtroom 9B |

### DECLARATION OF KARIN C. KHAN, ESQ.

I, KARIN C. KHAN, Esq., declare:

1.    I am an attorney licensed to practice law before the Central District of California, the Courts of the State of California, and am an Associate at MYERS BERSTEIN LLP, attorneys of record for Plaintiff Ear Charms, Inc. ("Plaintiff").  I make this declaration

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

1   based upon facts personally known to me.  If called upon to testify to any of the below

2   facts, I could and would competently do so.

3   2.     I make this Declaration in support of Plaintiff's Motion for Preliminary Injunction.

4   3.     Plaintiff engaged MYERS BERSTEIN LLP to address the infringing conduct of

5   DEFENDANTS on March 31, 2016 and since that time, we, on behalf of Plaintiff, have

6   taken escalating steps to remedy DEFENDANTS' unlawful, infringing conduct.

7   4.     On May 25, 2016, I sent a cease and desist letter on behalf of Plaintiff to

8   Defendants Bling Jewelry, Inc. and Elena Castaneda.  A true and correct copy of such

9   letter is attached hereto as Exhibit "**A**."

10  5.     On June 13, 2016, I submitted a Digital Millennium Copyright Act ("DMCA")

11  Notice through Amazon.com requesting that Defendants Bling Jewelry, Inc. and Elena

12  Castaneda's infringing products be removed from Amazon.com in compliance with the

13  DMCA.

14  6.     On June 14, 2016, I submitted a DMCA notice to www.blingjewelry.com, one of

15  Defendants Bling Jewelry, Inc. and Elena Castaneda's websites offering for sale the

16  infringing products, requesting that Defendants Bling Jewelry, Inc. and Elena

17  Castaneda's infringing products be removed.

18  7.     On June 16, 2016, I submitted a DMCA notice to Amazon.com.uk requesting that

19  Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

20  8.     On June 17, 2016, I sent a second cease and desist letter to Defendants Bling

21  Jewelry, Inc. and Elena Castaneda.  A true and correct copy of such letter is attached

22  hereto as Exhibit "**B**."

23  9.     On June 17, 2016, I sent correspondence to Amazon.com.uk in response to a

24  request for further information to support its DMCA notice.

25  10.    On June 20, 2016, I sent correspondence to Amazon.com in response to a request

26  for further information to support its DMCA notice.

27  11.    On June 22, 2016, I submitted a DMCA notice to Nexcess LLC, whom was initially

28  identified as the internet service provider for www.*blingjewelry.com*, one of Defendants

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

Bling Jewelry, Inc. and Elena Castaneda's websites offering for sale the infringing products, requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

12.     On June 22, 2016, I submitted a DMCA notice to Amazon Web Services, the internet service provider for Defendants Bling Jewelry, Inc. and Elena Castaneda's websites offering for sale the infringing products, requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

13.     On June 22, 2016, I received confirmation that Amazon.com complied with Plaintiff's DMCA notice and removed the links to the complained of products of Defendants Bling Jewelry, Inc. and Elena Castaneda.

14.     On June 23, 2016, I submitted a DMCA notice to Shop.com requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

15.     On June 27, 2016, I sent correspondence to Shop.com in response to a request for further information to support its DMCA notice and subsequently received notice from Shop.com that they have complied with the DMCA notice and removed the links to the complained of products of Defendants Bling Jewelry, Inc. and Elena Castaneda.

16.     On June 29, 2016, I corresponded with Amazon.com, Nexcess LLC, Shop.com and Amazon.com.uk regarding Plaintiff's DMCA notices.

17.     On June 30, 2016, I corresponded with Amazon.com and Amazon Web Services regarding the DMCA notices requesting removal of Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products.

18.     On July 1, 2016, I corresponded with Amazon.com.uk regarding the DMCA notices requesting removal of Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products.

19.     On July 19, 2016, I submitted a supplemental DMCA notice to Amazon.com requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

/ / /

20.    On July 21, 2016, I submitted a supplemental DMCA notice to Amazon Web Services requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

21.    On December 9, 2016, I submitted a supplemental DMCA notice to Amazon Web Services requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

22.    On December 9, 2016, I submitted a supplemental DMCA notice to Amazon.com requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

23.    On December 9, 2016, I submitted a supplemental DMCA notice to Amazon.com.uk requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

24.    On December 9, 2016, I submitted a supplemental DMCA notice to Shop.com requesting that Defendants Bling Jewelry, Inc. and Elena Castaneda's infringing products be removed.

25.    On December 12, 2016, I received confirmation that Shop.com has complied with Plaintiff's supplemental DMCA notice and removed the links to the complained of products of Defendants Bling Jewelry, Inc. and Elena Castaneda.

26.    On January 8, 2017, I received confirmation that Amazon.com complied with Plaintiff's supplemental DMCA notice and removed the links to the complained of products of Defendants Bling Jewelry, Inc. and Elena Castaneda.

27.    On January 24 and January 25, 2017, I received confirmation that Amazon Web Services complied with Plaintiff's supplemental DMCA notice and removed the links to the complained of products of Defendants Bling Jewelry, Inc. and Elena Castaneda.

28.    I have created a side-by-side comparison of Plaintiff's EAR CHARMS and DEFENDANTS' products incorporating the EAR CHARMS WORKS AND PRODUCT TRADE DRESS (as defined in the Motion).  A true and correct copy of such comparison is attached hereto as Exhibit "**C**."

DECLARATION OF KARIN C. KHAN, ESQ.

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

I declare under the penalty of perjury of the laws of the United States of America that the statements above are true and correct. Executed on this 2nd day of February, 2017 in Irvine, California.

Karin C. Khan, Declarant

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**EXHIBIT A**
**TO DECLARATION OF KARIN C. KHAN, ESQ.**
**MAY 15, 2016 CEASE AND DESIST LETTER TO DEFENDANTS**



**MYERS BERSTEIN**

Business Litigation | Intellectual Property

4 Executive Circle, Suite 100
Irvine, CA 92614

www.mybelaw.com
949.825.5590

May 25, 2016                                         *Via Mail and Electronic Mail*

Bling Jewelry, Inc. dba BlingJewelry.com
Attn:  Elena Castaneda
1261 Broadway Ste. 1002
New York, NY 10001
Email:  contact@blingjewelry.com

Re:     **Infringement of Intellectual Property Rights**

Dear Ms. Castaneda:

We write on behalf of our client Ear Charms, Inc. and its designer Sandra Callisto ("Ear Charms")
with respect to their intellectual property matters.  It has come to our attention that your company
Bling Jewelry, Inc. with websites at www.blingjewlery.com and/or www.overstockjewelry.com
(collectively referred to as "Bling Jewelry") are selling various earrings that are infringing our
client's copyrights, and other intellectual property rights.

Specifically, we are aware of your unauthorized manufacture, distribution, and/or sale of
counterfeit products of my client's original designed earrings, known as EAR CHARMS™, which
directly infringe upon my client's copyright designs, images, and other content including, but not
limited to the numerous products listed in the enclosure to this letter.  We are also aware that the
infringing earrings are sold through your websites, including but not limited to
www.blingjewlery.com, www.overstockjewelry.com, and through other online stores, including
on www.shop.com, www.amazon.com (USA), and Amazon.com.uk:
(http://www.amazon.co.uk/gp/node/index.html?ie=UTF8&merchant=&node=2445166031).

Additionally, it appears that you are using the same or similar videos, photographs, names, item
descriptions, and SKU numbers of the products owned by my client.  In fact, many of the infringing
products on your website have a SKU number that begins with "EAC," which certainly appears to
indicate an abbreviation for "Ear Charms," and further evidences your infringement of my client's
intellectual property rights.  Furthermore, we found that the infringing items are smaller in size,
scale, and weight than my client's EAR CHARMS™, which evidences that you made molds and
stamping dies from my client's products, and even further demonstrates your infringement.

As you are likely aware, particularly given your past orders from my client since 2010, Ms. Callisto
is a jewelry designer by trade.  Since 1982, Ms. Callisto has dedicated her work to designing and

creating original non-pierced earrings that naturally wrap and slide around one's ear, which are known as EAR CHARMS™.  To add quality and craft to her original earring designs, Ms. Callisto offers her earrings in solid 14K yellow and white gold, gold vermeil, and sterling silver.  As a result, over the decades, Ms. Callisto has enjoyed much success and recognition for her unique designs, and quality craft, materials, and workmanship; and her earrings are also known for their comfortable, secure fitting, and ergonomic designs.

However, due to your infringing activities, including copying our client's earring designs, our client's reputation and business for original crafted earrings has suffered greatly.  Your use of my client's copyrights, including jewelry designs, names, item numbers, descriptions, videos, and photos, are unauthorized and we can only conclude that your actions are a flagrant attempt to take advantage of my client's goodwill and well established customer base through conduct that is prohibited under United States law.

Your unauthorized use of my client's copyrights unavoidably infringes upon my client's rights, which are duly protected by United States copyright law and is in direct contravention of several state and federal laws including, but not limited to, the following:

1. 17 U.S.C. § 501 of the Copyright Act of the United States (allows for the Copyright holder to institute an action for infringement of an exclusive right);

2. 17 U.S.C. § 502 of the Copyright Act of the United States (allows for retribution through injunctive relief);

3. 17 U.S.C. § 503 of the Copyright Act of the United States (allows for the Court to impound all infringing items);

4. 17 U.S.C. § 504 of the Copyright Act of the United States (allows for retribution through monetary damages, including actual damages and statutory damages);

5. 17 U.S.C. § 505 of the Copyright Act of the United States (allows for retribution through monetary damages, including costs of suit and attorney's fees);

6. Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, violative acts allow for disgorgement of profits and punitive damages for willful conduct; and

7. False Advertising Laws, Cal. Bus. & Prof. Code § 17500 *et seq.*, violative acts are compensable by way of restitution without need for proving actual damages.

In view of the foregoing, we hereby insist upon your compliance with the following demands:

1. Immediately cease and desist any and all further reproduction, distribution, promotion, sales, advertising or any other activity involving any and all of my client's intellectual property, including copyright designs;

2. Deliver to us, at your cost, all infringing inventory and promotional materials on hand;

3. Provide a detailed inventory of all infringing merchandise and promotional materials on hand and a full accounting of all infringing merchandise sold to date;

4. Provide a detailed list of all third parties to whom you sent samples of the earrings, promotional emails and retrieve any such samples in circulation and forward them to our office;

5. Immediately order the cessation of all use or exploitation of the infringing earrings, or any related materials, by third parties to whom you distributed them;

6. Identify the names and addresses of the suppliers of the infringing earrings or any third parties who are otherwise involved in the unauthorized distribution, reproduction or other exploitation of such earrings;

7. Provide names and contact information for all persons and entities to whom you are currently, or have previously provided, the aforementioned infringing products for re-sale, including all dba's;

8. Immediately modify all advertising including, your website, metatags, any search engine submissions or optimizations, and in any and all further online advertising; and

9. Preserve any and all documents and records, financial and otherwise, relating to this matter, including but not limited to, electronic data and other information which may be relevant and/or discoverable in the event of litigation; and

10. Confirm, in writing to us, by 5:00 p.m. on **Friday, June 3, 2016** that you shall fully and promptly comply with each of our demands.

Know that our client is vigilant about the protection of its intellectual property rights and will not tolerate infringement of any form, or at any level. Should you fail to respond to our demand by **Friday, June 3, 2016**, be advised that we shall recommend, without further notice to you, that our client take all available legal action to protect their rights, to recover monetary damages to the fullest extent allowed by law, including attorney's fees and costs of suit, and to obtain such additional legal and/or equitable relief as the court may allow.

Finally, be advised that nothing contained in this letter is intended as, or may be deemed to constitute, a waiver of any of our client's rights or remedies, all of which are hereby expressly reserved. This communication is subject to Federal Rule of Evidence 408 and California Evidence Code §§ 1152 and 1154, and any of their state or common law equivalents.

Most sincerely,
MYERS BERSTEIN LLP

Nicholas D. Myers

Enclosure

P a g e | 4

Copy to:

Elena Castaneda
351 E. 84th Street, Apt. 11
New York, NY 10028

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**EXHIBIT B**
**TO DECLARATION OF KARIN C. KHAN, ESQ.**
**JUNE 17, 2016 CEASE AND DESIST LETTER TO DEFENDANTS**



Business Litigation | Intellectual Property

4 Executive Circle, Suite 100
Irvine, CA 92614

www.mybelaw.com
949.825.5590

June 17, 2016                                          *Via Priority Mail and Electronic Mail*

Bling Jewelry, Inc. dba BlingJewelry.com
Attn: Elena Castaneda
1261 Broadway, Suite 1002
New York, New York 10001
Email: contact@blingjewelry.com
         buyer@blingjewelry.com

   Re:  **Infringement of Intellectual Property Rights**

Dear Ms. Castaneda:

We write on behalf of our client Ear Charms, Inc. and its designer Sandra Callisto ("Ear Charms") with respect to their intellectual property matters.  We sent you a letter dated May 25, 2016 regarding your infringing activities, yet we have received no response from you.  However, curiously enough, our client received quite a large order from you on June 6, 2016 for many of the items that you are infringing.  As previously set forth in our letter dated May 25, 2016, you are selling various earrings on your websites www.blingjewelry.com and/or www.overstockjewelry.com (in addition to your sales on www.amazon.com, www.amazon.com.uk, and www.shop.com) that are infringing our client's copyrights.

You are engaging in the unauthorized manufacture, distribution, and/or sale of counterfeit products of my client's original designed earrings, known as EAR CHARMS™, which directly infringe upon my client's copyright designs, images, and other content including, but not limited to the numerous products listed in the enclosure to our letter dated May 25, 2016.

In light of your failure to respond to our letter dated May 25, 2016, this serves as your last notice to stop your unauthorized use of my client's copyrights, which are duly protected by United States copyright law and is in direct contravention of several state and federal laws including, but not limited to, the following:

  1. 17 U.S.C. § 501 of the Copyright Act of the United States (allows for the Copyright holder to institute an action for infringement of an exclusive right);

  2. 17 U.S.C. § 502 of the Copyright Act of the United States (allows for retribution through injunctive relief);

3. 17 U.S.C. § 503 of the Copyright Act of the United States (allows for the Court to impound all infringing items);

4. 17 U.S.C. § 504 of the Copyright Act of the United States (allows for retribution through monetary damages, including actual damages and statutory damages);

5. 17 U.S.C. § 505 of the Copyright Act of the United States (allows for retribution through monetary damages, including costs of suit and attorney's fees);

6. Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200 *et seq.*, violative acts allow for disgorgement of profits and punitive damages for willful conduct; and

7. False Advertising Laws, Cal. Bus. & Prof. Code § 17500 *et seq.*, violative acts are compensable by way of restitution without need for proving actual damages.

In view of the foregoing, we hereby insist upon your compliance with the following demands:

1. Immediately cease and desist any and all further reproduction, distribution, promotion, sales, advertising or any other activity involving any and all of my client's intellectual property, including copyright designs;

2. Deliver to us, at your cost, all infringing inventory and promotional materials on hand;

3. Provide a detailed inventory of all infringing merchandise and promotional materials on hand and a full accounting of all infringing merchandise sold to date;

4. Provide a detailed list of all third parties to whom you sent samples of the earrings, promotional emails and retrieve any such samples in circulation and forward them to our office;

5. Immediately order the cessation of all use or exploitation of the infringing earrings, or any related materials, by third parties to whom you distributed them;

6. Identify the names and addresses of the suppliers of the infringing earrings or any third parties who are otherwise involved in the unauthorized distribution, reproduction or other exploitation of such earrings;

7. Provide names and contact information for all persons and entities to whom you are currently, or have previously provided, the aforementioned infringing products for re-sale, including all dba's;

8. Immediately modify all advertising including, your website, metatags, any search engine submissions or optimizations, and in any and all further online advertising; and

9. Preserve any and all documents and records, financial and otherwise, relating to this matter, including but not limited to, electronic data and other information which may be relevant and/or discoverable in the event of litigation; and

10. Confirm, in writing to us, by 5:00 p.m. on **Friday, June 24, 2016** that you shall fully and promptly comply with each of our demands.

Should you fail to respond to this <u>final demand</u> by **Friday, June 24, 2016**, be advised that we shall recommend, without further notice to you, that our client take all available legal action to protect their rights, to recover monetary damages to the fullest extent allowed by law, including attorney's fees and costs of suit, and to obtain such additional legal and/or equitable relief as the court may allow.

Lastly, be advised that nothing contained in this letter is intended as, or may be deemed to constitute, a waiver of any of our client's rights or remedies, all of which are hereby expressly reserved.  This communication is subject to Federal Rule of Evidence 408 and California Evidence Code §§ 1152 and 1154, and any of their state or common law equivalents.


Most sincerely,
MYERS BERSTEIN LLP

Nicholas D. Myers


Enclosures


Copy to:

Bling Jewelry
Attn: Elena Castaneda
165 East 72nd Street
PHC
New York, New York 10021

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MYERS BERSTEIN LLP
4 EXECUTIVE CIRCLE, SUITE 100
IRVINE, CALIFORNIA 92614

**EXHIBIT C**
**TO DECLARATION OF KARIN C. KHAN, ESQ.**
**COMPARISON OF PLAINTIFF'S EAR CHARMS**
**AND DEFENDANTS INFRINGING PRODUCTS**

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 1B-ABR | application 1-4114073391 |  |  |
| Ear Charms 1B-BC | application 1-4114073252 |  |  |
| Ear Charms 1B-FWP | application 1-4131600292 |  |  |
| Ear Charms 1B-GC | application 1-4128464702 |  |  |

| Title of Work | Identification No. | Plaintiff's<br>EAR CHARMS | DEFENDANTS<br>Infringing Product |
|---|---|---|---|
| Ear Charms 1-SS | Registration VA0000647147 |  |  |
| Ear Charms 1XB-AMH | application 1-4114498302 |  |  |
| Ear Charms 1XB-GJ | application 1-4114073567 |  |  |
| Ear Charms 1XB-HE | application 1-41401476422 |  |  |
| | | | |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 1XB-LAP | application 1-4114498435 |  |  |
| Ear Charms 1XB-PRD | application 1-4114073680 |  |  |
| Ear Charms 1XB-TU | application 1-4114073504 |  |  |
| Ear Charms 3X-CZ-CP | application 1-4140476576 |  |  |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 4SF-CZ-GP | application 1-4111550481 |  |  |
| Ear Charms 4ST-SS | application 1-4114498538 |  |  |
| Ear Charms CQ-BF | application 1-4128464859 |  |  |
| Ear Charms CQ-CZ | application 1-4131600449 |  |  |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms CQ-FL | application 1-4131600542 |  |  |
| Ear Charms CQ-HT | application 1-4128465007 |  |  |
| Ear Charms CQ-LF | application 1-4128465060 |  |  |
| Ear Charms CQ-ST | application 1-4128465113 |  |  |
|  |  |  |  |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 22-SS | application 1-4131600386 |  |  |
| Ear Charms 23-GP | application 1-4111501022 |  |  |
| Ear Charms 40-SS | application 1-4111550272 |  |  |
| Ear Charms 41-SS | application 1-4114498664 |  |  |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 5-FL-SS | application 1-4128464786 |  |  |
| Ear Charms 61-GP | application 1-4111550325 |  |  |
| Ear Charms 61-SS | application 1-4111550378 |  |  |
| Ear Charms 63-SS | application 1-4114498591 |  |  |
|  |  |  |  |

| Title of Work | Identification No. | Plaintiff's EAR CHARMS | DEFENDANTS Infringing Product |
|---|---|---|---|
| Ear Charms 73-SS | application 1-4114498747 |  |  |
| Ear Charms 74-GP | application 1-4111550614 |  |  |
| Ear Charms 86-SS | application 1-4111501177 |  |  |
| Ear Charms 92-SS | Registration VA0000711343 |  |  |
| | | | |

| Title of Work | Identification No. | Plaintiff's<br>EAR CHARMS | DEFENDANTS<br>Infringing Product |
|---|---|---|---|
| Ear Charms 99-SM-SS | application 1-4111550740 |  |  |