David A. Berstein (State Bar No. 204472)
Nicholas D. Myers (State Bar No. 251809)
MYERS BERSTEIN LLP
4 Executive Circle, Suite 100
Irvine, California 92614
T:  949.825.5590
Email: *david@mybelaw.com, nicholas@mybelaw.com*

Attorneys for Plaintiff Ear Charms, Inc.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| EAR CHARMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLING JEWELRY, INC. dba BLINGJEWELRY.COM, a Delaware corporation; ELENA CASTANEDA, an individual; and DOES 1 through 10,<br><br>DEFENDANTS. | Case No. 8:16-cv-02091-CJC-JCG<br><br>Assigned to: Judge Cormac J. Carney<br>Courtroom 9B<br><br>**DECLARATION OF SANDRA CALLISTO IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Complaint filed: November 21, 2016<br><br>**Hearing**<br><br>Date:      April 17, 2017<br>Time:     1:30 p.m.<br>Location: Courtroom 9B |

## DECLARATION OF SANDRA CALLISTO

I, SANDRA CALLISTO, declare:

1. I am the Principal, Founder, and Owner of Ear Charms, Inc. ("Plaintiff").

2. In my capacity as Principal, I am fully familiar with Plaintiff's business activities, business records, products, copyrights, trademarks, and history. I have personal

knowledge of the facts stated herein, and if sworn as a witness, I would and could testify competently thereto.

3. I am a jewelry designer by trade.

4. In 1982, I focused my work on designing and creating original non-pierced earrings that naturally wrap and slide around one's ear.

5. To add quality and craft to these original earring designs, I offer these earrings in solid 14K yellow and white gold, gold vermeil, and sterling silver.

6. I have received much success and recognition for my unique designs, and quality craft, materials, and workmanship.

7. My earrings are also known for their comfortable, secure fitting, and ergonomic designs.

8. Plaintiff is in the business of designing, manufacturing, distribution, and sale of my originally designed earrings, branded as EAR CHARMS.

9. Plaintiff is the owner of all intellectual property rights in and to the EAR CHARMS products.

10. Plaintiff has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. and all other laws governing copyright.

11. Plaintiff holds a Certificate of Registration for "Ear Charms 1 – SS" (registration number VA0000647147, registration date December 3, 1993).

12. Plaintiff holds a Certificate of Registration for "Ear Charms 92 – SS" (registration number VA0000711343, registration date March 13, 1995).

13. Plaintiff holds a Certificate of Registration for "Ear Charms 2016 Brochure" (registration number VA 2-023-338, registration date May 20, 2016).

14. Plaintiff has submitted thirty-four (34) additional applications to the United States Copyright Office in compliance with the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. for EAR CHARMS products, specifically:

   a. "Ear Charms 2016 Website" (application number 1-3490487591);
   b. "Ear Charms 23 GP" (application number 1-4111501022);

c. "Ear Charms 86 SS" (application number 1-4111501177);

d. "Ear Charms 40 SS" (application number 1-4111550272);

e. "Ear Charms 61 GP" (application number 1-4111550325);

f. "Ear Charms 61 SS" (application number 1-4111550378);

g. "Ear Charms 4 SF-CZ-GP" (application number 1-4111550481);

h. "Ear Charms 74 GP" (application number 1-4111550614);

i. "Ear Charms 92 SS" (application number 1-4111550677);

j. "Ear Charms 99-SM-SS" (application number 1-4111550740);

k. "Ear Charms 1B BC" (application number 1-4114073252);

l. "Ear Charms 1B ABR" (application number 1-4114073391);

m. "Ear Charms 1XB-TU" (application number 1-4114073504);

n. "Ear Charms 1XB-GJ" (application number 1-4114073567);

o. "Ear Charms 1XB-PRD" (application number 1-4114073680);

p. "Ear Charms 1 SS" (application number 1-4114434122);

q. "Ear Charms 1XB-AMH" (application number 1-4114498302);

r. "Ear Charms 1XB-LAP" (application number 1-4114498435);

s. "Ear Charms 4ST-SS" (application number 1-4114498538);

t. "Ear Charms 63 SS" (application number 1-4114498591);

u. "Ear Charms 41 SS" (application number 1-4114498664);

v. "Ear Charms 73 SS" (application number 1-4114498747);

w. "Ear Charms 1B-GC" (application number 1-4128464702);

x. "Ear Charms 5-FL-SS" (application number 1-4128464786);

y. "Ear Charms CQ-BF" (application number 1-4128464859);

z. "Ear Charms CQ-HT" (application number 1-4128465007);

aa. "Ear Charms CQ-LF" (application number 1-4128465060);

bb. "Ear Charms CQ-ST" (application number 1-4128465113);

cc. "Ear Charms 1B-FWP" (application number 1-4131600292);

dd. "Ear Charms 22-SS" (application number 1-4131600386);

  ee. "Ear Charms CQ-CZ" (application number 1-4131600449);

  ff. "Ear Charms CQ-FL" (application number 1-4131600542);

  gg. "Ear Charms 1XB-HE" (application number 1-41401476422);

  hh. "Ear Charms 3X-CZ-CP" (application number 1-4140476576).

*The three (3) registrations and thirty-four (34) pending applications are collectively referred to as the "EAR CHARMS WORKS." Attached as Exhibit "**A**" hereto are the contents of the EAR CHARMS WORKS. Attach as Exhibit "**B**" hereto are the certificates of registrations for the three (3) registered EAR CHARMS WORKS and applications for the thirty-four (34) pending EAR CHARMS WORKS.

15. Since EAR CHARMS products were created, Plaintiff has been, and still is, the sole author and exclusive holder of all rights, title, and interest in and to the copyrights, specifically including the EAR CHARMS WORKS, to said originally designed earrings.

16. Plaintiff has not granted any licenses or right to any person or entity to reproduce and/or make derivative works of the EAR CHARMS and/or the EAR CHARMS WORKS.

17. Plaintiff markets, promotes, advertises, exploits, and solicits its EAR CHARMS products to consumers through the publication of its 2016 EAR CHARMS Product Brochure. The brochure promotes the EAR CHARMS products offered by EAR CHARMS.

18. Further, Plaintiff's originally designed EAR CHARMS contained a distinctive "wave" design, which creates a unique and distinctive trade dress in the overall design of the product ("PRODUCT TRADE DRESS").

19. The PRODUCT TRADE DRESS as a whole does not affect the cost or quality of the WAVE EARRINGS.

20. The PRODUCT TRADE DRESS as a whole does not serve any functional purpose.

21. The PRODUCT TRADE DRESS as a whole does not is not the only option for the design of non-pierced earrings.

22. As a result of Plaintiff's widespread use and display of the PRODUCT TRADE DRESS in association with its EAR CHARMS, (a) the public has come to recognize and identify products bearing the PRODUCT TRADE DRESS as emanating from EAR CHARMS; (b) the public recognizes that products bearing the PRODUCT TRADE DRESS constitute high quality products that conform to the specifications created by EAR CHARMS; and (c) THE PRODUCT TRADE DRESS has established strong secondary meaning and extensive goodwill.

23. In or about December 2015, EAR CHARMS learned that DEFENDANTS through their websites at *www.blingjewlery.com* and/or *www.overstockjewelry.com* are selling various earrings that are infringing the EAR CHARMS WORKS AND PRODUCT TRADE DRESS.

24. At this time, EAR CHARMS also learned that DEFENDANTS had been and are continuing with the unauthorized manufacture, distribution, and/or sale of counterfeit EAR CHARMS products.

25. A review of DEFENDANTS websites confirms that DEFENDANTS continue to use the same or materially similar videos, photographs, names, item descriptions, and SKU numbers of Plaintiff.

26. Many of the infringing products on DEFENDANTS websites have a SKU number that begin with "EAC."

27. Furthermore, DEFENDANTS' infringing products are smaller in size, scale, and weight than Plaintiff's EAR CHARMS, indicating that DEFENDANTS created molds from Plaintiff's EAR CHARMS and used stamping dies to create infringing products.

28. DEFENDANTS have willfully ignored Plaintiff's rights and continue to sell various counterfeit earrings that are infringing on the EAR CHARMS WORKS and PRODUCT TRADE DRESS and continue to sell infringing products through various avenues of commerce.

29. The EAR CHARMS WORKS and PRODUCT TRADE DRESS play a vital role in Plaintiff's success as a business and continued ability to sell products.

30. DEFENDANTS have reproduced and distributed copies of the EAR CHARMS WORKS and PRODUCT TRADE DRESS for their own commercial benefit.

31. Since at least as early as 2010, Defendants Bling Jewelry, Inc. and Elena Castaneda have made wholesale purchases from Plaintiff of Plaintiff's EAR CHARMS and subsequently sold Plaintiff's products through their marketing channels.

32. The total value of Defendants Bling Jewelry, Inc. and Elena Castaneda's purchases of Plaintiff's EAR CHARMS from Plaintiff is in the tens of thousands of dollars.

33. I created the EAR CHARMS and EAR CHARMS WORKS solely for the benefit of Plaintiff and via agreement with Plaintiff.

34. I created the EAR CHARMS and EAR CHARMS WORKS for the purpose of Plaintiff's financial gain.

35. Plaintiff sells its EAR CHARMS through a variety of channels of commerce, including through online retail stores.

36. DEFENDANTS have offered for sale its products incorporating the EAR CHARMS WORKS and PRODUCT TRADE DRESS through online retail stores, including Amazon.

37. On June 6, 2016, Defendants Bling Jewelry, Inc. and Elena Castaneda placed a large order to Plaintiff for EAR CHARMS, totaling One Hundred (100) items at a value of One Thousand Five Hundred Eighty-Six Dollars and Ninety-Eight Cents ($1,585.98).

I declare under the penalty of perjury of the laws of the United States of America that the statements above are true and correct. Executed on this Tuesday, January 17, 2017 in Laguna Beach, California.

Sandra Callisto, Declarant

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 4 Executive Circle, Suite 100, Irvine, California 92614.

On March 7, 2017, I caused the foregoing document(s) described as: **DECLARATION OF SANDRA CALLISTO IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION,** to be served on the interested parties in this action by enclosing a true and correct copy as follows:

**Attorneys for Defendants BLING JEWELRY, INC. and ELENA CASTANEDA**
Paul F. Millus
Meyer Suozzi English & Klein P.C.
990 Stewart Avenue
Garden City, New York 11530
T: 516.592.5933
E: *pmillus@msek.com, mrocondino@msek.com*

[X]   BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit.

[X]   BY ELECTRONIC MAIL.

Executed on March 7, 2017 at Irvine, California.

(State)   I declare under penalty of perjury that the foregoing is true and correct.

/s/Timothy A. Schneider
Timothy A. Schneider

DECLARATION OF KARIN C. KHAN, ESQ.