1   **ERIK S. SYVERSON (SBN 221933)**
    erik@syversonlaw.com
2   **STEVEN T. GEBELIN (SBN 261507)**
    steven@syversonlaw.com
3   **SYVERSON, LESOWITZ & GEBELIN LLP**
    2029 Century Park East, Suite 2910
4   Los Angeles, California 90067
    Telephone:   (310) 341-3072
5   Facsimile:   (310) 341-3074

6   Attorneys for Defendants BLING JEWELRY,
    INC. d/b/a BLINGJEWELRY.COM, and
7   ELENA CASTANEDA

8

9                    **UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

| | |
|---|---|
| 12   EAR CHARMS, INC., a California corporation, | Case No.: 8:16-cv-02091-CJC-PLAN |
| 13 | |
| 14             Plaintiff, | **DISCOVERY MATTER** Reassigned to *Hon. Judge Paul L. Abrams* |
| 15                 v. | |
| 16   BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM, a Delaware corporation; ELENA CASTANEDA, | **DEFENDANTS BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM and ELENA CASTENEDA's OPPOSITION TO PLAINTIFF'S** |
| 17   an individual; and DOES 1 to 10, inclusive, | |
| 18             Defendants. | **MOTIONS TO COMPEL FURTHER PRODUCTION OF DOCUMENTS [DKT. NOS. 35 & 36], FURTHER RESPONSES TO INTERROGATORIES [DKT NOS. 37 & 38] , AND DEPOSITIONS OF BLING JEWELRY INC. and ELENA CASTENEDA [DKT. NOS. 39 and 42]** |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | **Hearing** |
| 24 | Date:  June 28, 2018 Time: 1:30 p.m. |
| 25 | Location: Courtroom 780 |

26

27

28

---

**I.      Introduction.**

        Defendants BLING JEWELRY, INC. d/b/a  BLINGJEWELRY.COM, ("Bling Jewelry" and its chief executive Elena Casteneda ("Casteneda") hereby responds to the following improperly filed discovery motions of Plaintiff EAR CHARMS, INC. ("Plaintiff"):

• Motion to Compel Defendant Bling Jewelry, Inc.'s Further Responses and Production Of Documents Responsive To Requests For Production, Set One, Nos. 1-10, 13, 14, 17-20, 23, 24, 27-30, 33, 34, 37-88. 94-97, And 100 [Dkt. No. 35];

• Motion to Compel Defendant Elena Castaneda's Further Responses and Production Of Documents Responsive to Requests for Production, Set One, Nos. 1-10, 13, 14, 17-20, 23, 24, 27-30, 33, 34, 37-88, 94-97, and 100 [Dkt. No. 36];

• Motion To Compel Defendant Bling Jewelry, Inc.'S Further Responses To Interrogatories [Set One, Nos. 1-6, 11-20, And 22] [Dkt. No. 37],

• Motion To Compel Defendant Bling Jewelry, Inc.'S Further Responses To Interrogatories [Set One, Nos. 1-6, 11-20, And 22] [Dkt. No. 38],

• Motion To Compel Defendant Bling Jewelry,Inc.'S 30(B)(6) Attendance At Deposition [Dkt. No. 39]; and

• Motion To Compel Defendant Elena Castaneda's Attendance At Deposition [Dkt. No. 42].

        Not only have Plaintiffs impermissibly and without explanation failed to follow the local rules in connection with filing these discovery motions[1], their boilerplate and repetitive motions belie the fact that they failed to meaningfully use the process demanded by those same Local Rules in order to narrow and focus the issues for this Court.  Additionally, Plaintiffs' requests seek to impose

---

[1] As demonstrated by the Declaration(s) of Anthony Burton filed in conjunction with the Motions, following email correspondence amongst counsel to set a time for a L.R. 37 meeting of counsel, counsel for Defendants did meet and confer via teleconference within the time limits set by Plaintiff's counsel, and such meeting occurred more than a week prior to Plaintiff filing the instant motions.  *See, e.g.* Dkt. Nos. 35-1 (confirming teleconference on May 21 as requested by Plaintiffs' counsel).

DEFENDANTS' OPPOSITION TO MOTIONS TO COMPEL

1   impermissibly broad and burdensome discovery obligations in a case against a

2   former customer over approximately $12,400 in sales of allegedly infringing goods

3   bought from a different supplier, including being forced to travel from New York to

4   Southern California to attend depositions, depositions that Plaintiff had initially

5   noticed for New York, that were not canceled or rescheduled prior to the New York

6   Deposition dates, and that Plaintiff then unilaterally re-noticed.

7       Plaintiff's motions failed to follow the local rules, fail to meaningfully show

8   the alleged deficiencies in the document productions or responses, and fail to

9   account for its own apparent failure to take the depositions it had properly noticed

10  for Defendants' home jurisdictions in New York.  Those motions, and each of their

11  requests for awards of attorneys fees for their duplicative, improperly filed, and

12  boilerplate papers, should be denied.

13  **II.     The Requests For Production At Issue**

14      **No. 1-10, 13, 14, 17-20, 23, 24, 27-30, 33, 34, 37-88. 94-97, And 100.**

15      Rather than reproduce both the Requests and Responses as required under the

16  Local Rules, Plaintiff's motions have improperly omitted or recharacterized

17  Defendants' responses.  As such, Defendants attempt to briefly summarize their

18  arguments below, but do not waive any objections.

19      A. **Requests Nos. 1-5 , 78,**

20      These requests generally concern agreements, communications, and

21  transactions between Plaintiff and Bling Jewelry.  As an initial matter, all such

22  transactions and communications should be equally accessible to Plaintiff as they

23  are to Defendants.  As such, given the limited amount at stake in this case.  Federal

24  Rule of Civil Procedure 26(d)(1) properly limits discovery to information and

25  materials proportional to the needs of the case, considering the importance of the

26  issues at stake in the action, the amount in controversy, the parties' relative access to

27  relevant information, the parties' resources, the importance of the discovery in

28  resolving the issues, and whether the burden or expense of the proposed discovery

1   outweighs its likely benefit.  Despite the lack of reason to support the shifting the

2   burden of searching mutually held documents, Bling Jewelry agrees to produce

3   those records and communications between the parties that are readily available, but

4   notes that Plaintiff has refused to explain why it cannot and has not produced any

5   such documents itself, despite their apparent relevance to the case and its own

6   access to such information.

7   **B.  Request Nos. 6-8**

8        These Requests seek all documents concerning the ownership, officers, and

9   directors of Bling Jewelry since 2012.  The production of all such documents is

10  unnecessary and in appropriate given the needs of the case and the.  Fed. R. Civ. P.

11  26(d)(1).  As such, Defendants did identify ownership in their prior responses.

12  However, Defendants will agree to further supplement their responses with

13  documents sufficient to identify its owners, directors, and officers since 2012.

14  **C.  Request Nos. 9-10, 13-14, 17-20, 23-24, 27-30, 33, 34, 37-39, 41, 47**

15       These Requests seek all documents concerning the purchase and sale of the

16  allegedly infringing items.  The production of all such documents is unnecessary

17  and in appropriate given the needs of the case and the.  Fed. R. Civ. P. 26(d)(1).  As

18  such, Defendants did identify the two distribution channels used for sales in their

19  prior responses to Plaintiff's interrogatories (regardless of Plaintiff's apparent

20  inability to send a subpoena to the appropriate third party, Channel Advisor

21  Marketplaces) and documents showing its sales and profits from sales of the

22  products after October 2016.  However, Defendants will agree to further supplement

23  their responses with documents to identify its purchases and sources / manufacturers

24  of the allegedly infringing products upon entry of an appropriate protective order.

25  **D.  Request Nos. 40, 42-46, 47-52**

26       These requests broadly seek documents related to the development of all

27  Bling Jewelry's retail sales website blingjewelry.com, and the development of third

28  party website overstockjewelry.com.  Defendants will produce documents in its

-3-

DEFENDANTS' OPPOSITION TO MOTIONS TO COMPEL

possession custody or control (i.e. those concerning its own website) relevant to the products at issue, but production of all items concerning its entire website would be unreasonably burdensome.

### E.  Request Nos. 53-70

These requests broadly seek documents related to Bling Jewelry's sales of all products through or to various third party resellers.  Defendants agreed to and did produce documents sufficient to identify sales of the allegedly infringing products at issue since October 2016, but production of all documents concerning sales of products irrelevant to the case would be unreasonably burdensome.

### F.  Request Nos. 71-76

These requests broadly seek documents (including privileged communications and work product) related to other litigation or allegations against Defendants. Defendants' privileged communications should not be breached, but they will agree to produce any non-privileged documents in their possession or the possession of their agents.

### G. Request Nos. 79-88

These requests broadly seek documents (including privileged communications, work product, and documents likely to be created by expert witnesses) regarding Defendants' affirmative defenses.  These topics are notably based on either legal standards or information within the custody or control of Plaintiff, *e.g.* the weakness of the trade dress indicia of the products at issue. Defendants agreed to produce any documents it received from third parties, and will produce any non-privileged documents it may have in its possession.

## III.    The Interrogatories (1-6, 11-20, And 22)

Upon entry of an appropriate protective order Defendants will respond to Interrogatories No. 2, 11, and 16 and thereby identify the supplier(s) of the allegedly infringing products.

Defendants responded fully and to the best of their abilities based on

1   information available to them in response to Interrogatories 1, 3-6, 12-15, 17-20,

2   and 22.  Their responses are not evasive or indicative of any attempt to hide

3   information.  To the extent that Plaintiff seeks specific additional information,

4   Defendants are at a loss to understand what specific information is sought through

5   this motion.  Indeed, Defendants' responses clearly identified the third party that

6   would be most likely to have any alleged additional information about "damages,"

7   (Channel Advisor Marketplaces) but Plaintiff apparently did not subpoena them.

8   **IV.     The Depositions**

9          Defendants are residents of New York.  As a general rule, a defendant must

10  ordinarily be deposed in the district in which the defendant resides or is employed or

11  has a place of business, and where another place is designated, defendant's objection

12  to the location "should be sustained absent some unusual circumstance to justify

13  putting defendant to such inconvenience."  *Grey v. Continental Marketing Assocs.,*

14  *Inc.* (ND GA 1970) 315 F.Supp. 826, 832.  Apparently in recognition of that rule,

15  Plaintiff first noticed the depositions of Defendants to be taken in New York in

16  September of 2017.  Dkt. Nos. 41-2, 42-2.

17         After the originally noticed deposition dates came and past, and without any

18  agreement or even attempt to reschedule those depositions prior to the deposition

19  date[2], Plaintiff unilaterally re-noticed the exact same depositions for January 2018 in

20  Southern California.  It is black letter law that a court order is required to re-depose

21  a witness previously deposed in the same case. Fed. R Civ. P 30(a)(2)(A)(ii).

22  Moreover, a second deposition notice issued without obtaining a prior court order is

23  invalid. *In re Sulfuric Acid Antitrust Litig.* (ND IL 2005) 230 FRD 527, 531.

24         Plaintiff's "Amended" Notices of Deposition were invalid at their issuance,

25  and Plaintiff's counsel could not have reasonably relied on such notices.  Moreover,

26  its request to compel Defendants to incur the expense to travel from New York to

27

28  [2] Defendant's counsel moved firms around the time of the issuance of the "Amended" Notices of
    Deposition, but never received copies of those notices via its forwarding arrangements.

1  California for the depositions should be denied.

2  **V.      Conclusion**

3          Defendants' objections are meritorious.  Plaintiff failed to properly follow

4  Local Rules in filing its duplicative and boilerplate motions and its motions and

5  their requests for attorneys' fees should be denied.

6

7  Dated: June 6, 2018                              SYVERSON, LESOWITZ & GEBELIN LLP

8

9                                                   By:   */s/Steven T. Gebelin*
                                                         ERIK S. SYVERSON
10                                                       STEVEN T. GEBELIN
                                                    Attorneys for Defendants BLING
11                                                  JEWELRY, INC. d/b/a
                                                    BLINGJEWELRY.COM, and ELENA
12                                                  CASTANEDA
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28