1 **STEVEN T. GEBELIN (SBN 261507)**
steven@syversonlaw.com
2 **SYVERSON, LESOWITZ & GEBELIN LLP**
8383 Wilshire Blvd., Suite 520
3 Beverly Hills, CA 90211
Telephone:  (310) 341-3072
4 Facsimile:   (310) 341-3070

5 Attorneys for Defendants BLING JEWELRY,
INC. d/b/a BLINGJEWELRY.COM, and
6 ELENA CASTANEDA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| EAR CHARMS, INC., a California corporation, | Case No.: 8:16-cv-02091-KES |
|---|---|
| Plaintiff, | Assigned to *Hon. Karen E. Scott*. Courtroom 6D |
| v. | |
| BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM, a Delaware corporation; ELENA CASTANEDA, an individual; and DOES 1 to 10, inclusive, | **DEFENDANTS BLING JEWELRY, INC. d/b/a BLINGJEWELRY.COM and ELENA CASTENEDA's *EX PARTE* APPLICATION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE LATE PRODUCED DOCUMENTS- EXHIBITS 43 and 44;** |
| Defendants. | **MOTION *IN LIMINE* FILED CONCURRENTLY** |

DEFENDANTS' *EX PARTE* TO FILE MOTION IN LIMINE

Defendants BLING JEWELRY, INC. d/b/a  BLINGJEWELRY.COM, ("Bling Jewelry" and its chief executive Elena Casteneda ("Casteneda") (collectively, "Defendants") respectfully seeks relief for a portion of this Court's *ex parte* relief from this Court's Scheduling and Preparation for Civil Trial Order [Dkt. No. 76] issued on April 23, 2019 for leave to file its motion *in limine* to exclude Plaintiff Ear Charms, Inc. ("Plaintiff") from introducing and/or relying on late produced and identified evidence at trial, specifically Exhibit Numbers 43 and 44, the purported transfer documents for Registration Nos. VA0000647147 and VA0000711343.  Good cause exists for relief from the scheduling order's provisions regarding motions *in limine* based on the following facts known to and confirmed by the undersigned counsel.

Defendants were unaware that Plaintiff would be attempting to mark and introduce Exhibit Numbers 43 and 44 during the trial until May 9, 2019, well after the April 11 deadline imposed by the local rules to disclose trial exhibits, the April 30 deadline to meet and confer on motions *in limine*, the May 1 deadline to meet and confer on exhibits, the May 6 deadline for Defendants to provide their portion of any of their own motions *in limine* to Plaintiff, and only two business days prior to the deadline in the scheduling order to file Joint Motion(s) *in limine*.

Rather than timely disclose its intent to add Exhibits 43 and 44 to the Joint Exhibit List, Plaintiff made its first efforts to try to schedule renewed meet and confer efforts for trial on the Exhibit List on April 29, 2019.  In response, Defendants offered to review and amend the Exhibit list from the prior meet and confer in advance of the previously set February 2019 trial date that Plaintiff had prepared.  Plaintiffs made no indication that they would further add to the exhibit list, and Defendants provided their changes on May 2, 2019- breaking out two documents from compound exhibits already included on the list.

Defendants then waited until May 9, 2019 to revise the Exhibit list by adding Exhibits 43 and 44, documents that Defendants had believed were out of play for the

trial because they were not produced until well after the (twice extended) close of discovery, days before a final settlement conference, and weeks before the previously scheduled trial date. Within minutes, Defendants notified Plaintiff that they would seek to file a motion *in limine* to exclude the documents, and Plaintiff made no effort to withdraw the exhibits. Defendants quickly prepared and served their portion of the joint filing on the motion two business days later on May 13, 2019. Plaintiff completed and served its portion of the Joint filing the afternoon of May 15, 2019, and Defendants moved to file the joint motion and this *ex parte* application the same day.

For the foregoing reasons, Defendants respectfully request that the Court allow its late filed motion *in limine* to be heard, as the facts demonstrate good cause for Defendants' filing of the joint submission on the motion two days after the deadline set forth by the Court in Docket No. 76.

Respectfully Submitted,

May 15, 2019                                         SYVERSON, LESOWITZ & GEBELIN LLP

                                                By: */s/Steven T. Gebelin*
                                                    STEVEN T. GEBELIN
                                                    Attorneys for Defendants BLING
                                                    JEWELRY, INC. d/b/a
                                                    BLINGJEWELRY.COM, and ELENA
                                                    CASTANEDA